**Michael Scott MCRAE, Plaintiff—Appellant,**

v.

**Michael EASLEY; Boyd Bennett; Michael S. Hamden; North Carolina Office of Indigent Defense Service; H.L. Jackson, Defendants—Appellees.**

No. 08–7853.

United States Court of Appeals, Fourth Circuit.

Submitted: Jan. 15, 2009.

Decided: Jan. 23, 2009.

Michael Scott McRae, Appellant Pro Se.

Before MOTZ and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part; dismissed in part by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Scott McRae seeks to appeal the district court's order dismissing his 42 U.S.C. § 1983 (2000) complaint for failure to state a claim and the court's order denying his motions to amend and to appoint counsel. We dismiss in part and affirm in part.

Parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, Fed. R.App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R.App. P. 4(a)(5), or reopens the appeal period under Fed. R.App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." *Browder v. Dir., Dep't of Corr.,* 434 U.S. 257, 264, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978) (quoting *United States v. Robinson,* 361 U.S. 220, 229, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960)).

The district court's order dismissing the complaint was entered on the docket on August 11, 2008, 2008 WL 3539276. The notice of appeal [*] was filed, at the earliest,

---

[*] Although McRae did not mention specifically the order dismissing the complaint in his notice of appeal, he attempts to challenge that order in his informal appellate brief. *See Smith v. Barry,* 502 U.S. 244, 245, 112 S.Ct. 678, 116 L.Ed.2d 678 (1992) (holding that document filed within appeal period and containing information required by Fed. R.App. P. 3(c), is functional equivalent of notice of appeal).

on October 3, 2008. Because McRae failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss this portion of the appeal for lack of jurisdiction.

Turning to the district court's order denying McRae's motions to amend and to appoint counsel, we note the McRae failed to challenge that order in his informal appellate brief. Thus, McRae has waived appellate review of those issues. *See* 4th Cir. R. 34(b) ("The Court will limit its review to the issues raised in the informal brief."). Accordingly, we affirm the district court's order.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART; DISMISSED IN PART.*